NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JIMENEZ-VALERO, | No. 17-71957 |
| Petitioner, | Agency No. A208-265-189 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Francisco Jimenez-Valero, a citizen and native of Mexico, petitions for review

of the Board of Immigration Appeals' decision affirming the Immigration Judge's

order of removal denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We deny the petition for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

1. Jimenez-Valero has failed to establish changed or extraordinary circumstances to excuse the twenty-year delay in filing his application for asylum. *See* 8 U.S.C. § 1158(a)(2)(D). On appeal, Jimenez-Valero argues that the issuance of an Interpol Notice advising he is sought pursuant to an arrest warrant in Mexico constitutes a changed circumstance that excuses his failure to apply for asylum within the statutory timeframe. But the issuance of the Interpol Notice does not itself constitute a "change"; it merely provided international notice of the pre-existing fact that Mexico sought to prosecute Jimenez-Valero, a fact that Jimenez-Valero testified that he knew about since his brother had been detained and ultimately arrested on the same charges in 1995 or 1996. While it is not necessary that the conditions faced by an asylum applicant invoking the statutory exception be entirely new or distinct from threats previously encountered by the applicant, *see Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011), the change on which Jimenez-Valero relies—the predicate criminal proceedings—have existed, and Jimenez-Valero has known about them, for decades, *see Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013). That a "red flag" notice was issued by Interpol does not alter the preexisting landscape.[1]

---

[1] Moreover, even if the issuance of the Interpol Notice could constitute a changed circumstance, "[p]rosecution for violating . . . laws of general applicability [does] not constitute persecution, unless the punishment [is] imposed for invidious

2

2.      Nor has Jimenez-Valero met his burden of establishing eligibility for withholding of removal.  To be eligible for withholding of removal, the burden is on Jimenez-Valero to demonstrate "it is more likely than not that he would be subject to persecution on one of the specified grounds," *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006)), of "race, religion, nationality, membership in a particular social group, or political opinion upon removal," *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(2)).

Assuming without deciding that Jimenez-Valero's proposed group, "former police officers," can constitute a cognizable social group, substantial evidence supports the agency's conclusion that Jimenez-Valero can reasonably relocate in Mexico.  The record indicates that, even if gang members did have an interest in Jimenez-Valero decades ago, he lived without incident in Tijuana prior to entering the United States and other family members that are former police officers have lived in Mexico without incident.

---

reasons." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987).  While Jimenez-Valero asserted that the crime with which he and his brother were charged was "fabricated," Jimenez-Valero conceded during testimony before the Immigration Judge that the court order releasing Jimenez-Valero's brother from jail did not indicate that the case was fabricated.  Substantial evidence supports the Board's conclusion that he failed to establish that the criminal proceedings rise to the level of persecution.

3

3.      Finally, substantial evidence supports the Board's holding that Jimenez-Valero is ineligible for protection under the CAT. To qualify for CAT protection, the applicant must "establish that it is more likely than not that he or she would be tortured if removed" by or with the consent or acquiescence of the Mexican government. *Id.* (quoting 8 C.F.R. § 1208.16(c)(2)). Jimenez-Valero's briefing does not point to any evidence in the record or make any argument to support a finding that Jimenez-Valero will likely be tortured, and for the same reasons that substantial evidence supports the Board's conclusion that he is not eligible for withholding of removal, Jimenez-Valero has not established entitlement to protection under the CAT.[2]

Therefore, the petition is **DENIED**.

---

[2] Jimenez-Valero additionally argued that the Board failed to address his contention that he requested and was denied voluntary departure. But the Board noted that Jimenez-Valero testified unequivocally before the IJ that he would not voluntarily depart, and there is no basis to disturb that conclusion.

4